# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
## NORTHERN DIVISION

| | |
|---|---|
| BELLSOUTH MOBILITY, INC., | CASE NO. _____ |
| Plaintiff, | Judge FERGUSON |
| v. | |
| MOBILEONE CELLULAR NETWORK, INC., | |
| Defendant. | |

## REQUEST FOR EXTENSION OF TIME TO FILE ANSWER

The Defendant, MobileOne Cellular Network, Inc. ("MobileOne") hereby requests pursuant to Federal Rule of Civil Procedure 6(b) an extension of time within which to file its Answer to the Plaintiff's, Bellsouth Mobility, Inc.'s ("BMI"), Complaint and states as follows:

1. BMI commenced this action against MobileOne in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, by serving MobileOne with the Complaint and Summons on December 13, 1999.

2. MobileOne filed a Notice of Removal on January 12, 2000 removing the case from the Florida state court to this Court.

3. Pursuant to Federal Rule of Civil Procedure 81(c), MobileOne has five (5) days after filing the Notice of Removal within which to file an Answer to the Complaint. The deadline for MobileOne to file its Answer thus falls on January 18, 2000.

4. Counsel for MobileOne is still reviewing the facts relating to BMI's claims, and is not able to file the Answer by January 18, 2000. Counsel for MobileOne



anticipated the need for additional time some time ago and, accordingly, requested additional time from BMI's counsel.

5. Counsel for both parties agreed to extend the time for MobileOne to answer the Complaint until January 24, 2000.

6. Rule 6(b) of the Federal Rules of Civil Procedure provides in pertinent part the following:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order. . . .

7. When a request for enlargement of time is made within the expiration period, this Court has wide discretion to grant the request. *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (C.C.A.N.J. 1942); *Choi v. Chemical Bank*, 939 F. Supp. 301, 309 (S.D.N.Y. 1996); 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1165, at 473 (2d ed. 1987).

8. That a party has obtained an informal extension of time within which to file a paper from opposing counsel constitutes a sufficient basis for granting a formal extension of time. *Home Ins. Co. v. Paige*, 255 F. Supp. 51, 54-55 (D.Md. 1966).

9. Granting MobileOne's request for an extension of time to answer will not prejudice any party or unduly delay the proceedings.

WHEREFORE, the Defendant, MobileOne Cellular Network, Inc., respectfully requests that the Court grant an enlargement of time within which to file an answer until January 24, 2000.

2

1086819 v1; NJF7011.DOC

Dated: January 14, 2000

Respectfully submitted,

ALAN E. GREENFIELD, P.A.
2600 Douglas Road, Suite 911
Coral Gables, FL 33134
305-442-1731

Attorneys for MobileOne Cellular
 Network, Inc.

By: _____
Alan E. Greenfield, Esq.
Bar No. 031559

Of Counsel:

Leon B. Kellner, Esq.  Bar No. 462179
Lewis J. Paper, Esq.
Edward E. Sharkey, Esq.
Jacob S. Farber, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2000, a copy of the foregoing Request for Extension of Time To File Answer and Proposed Order was delivered by first-class U.S. mail, postage prepaid and via facsimile to the following:

Richard G. Gordon, Esq.
Heinrich Gordon Hargrove Weihe & James, P.A.
Broward Financial Centre, Suite 1000
500 East Broward Boulevard
Ft. Lauderdale, FL 33394
Telephone (954) 527-2800

*Attorney for the Plaintiff, Bellsouth Mobility, Inc.*

_____
Alan E. Greenfield

1098619 v1; NJP7011.DOC