UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BELLSOUTH MOBILITY, INC.,

    Plaintiff,

v.

MOBILEONE CELLULAR NETWORK, INC.,

    Defendant.

_____/

CASE NO.: 00-6055-CIV
JUDGE FERGUSON

**MOTION TO REMAND AND AWARD OF COST
AND ATTORNEY'S FEES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, BELLSOUTH MOBILITY, INC., ("BELLSOUTH"), files this motion to remand in opposition to defendant, MOBILEONE CELLULAR NETWORK, INC.'s ("MOBILEONE"), notice of removal. Because the complaint clearly establishes that this case involves claims arising under Florida law, this Court should remand the case to the Circuit Court of the Seventeenth Judicial Circuit and award attorney's fees and costs to BELLSOUTH pursuant to 28 U.S.C. §1447(c).

I

**FACTUAL BACKGROUND**

On November 30, 1999, BELLSOUTH filed a complaint against MOBILEONE alleging that MOBILEONE failed to pay delinquent bills for cellular telephone service that it received from BELLSOUTH. The complaint contains four legal theories of recovery, all predicated on Florida law -- they are; breach of contract (Count I), account stated (Count II), open account (Count III), and unjust enrichment (Count IV). The claims asserted against MOBILEONE are based on Florida state law, not federal law.

NON-COMPLIANCE OF S.D. fla. L.R. 5. 1(A)(6)

On December 13, 1999, the complaint was served on MOBILEONE. On or about January 4, 2000, counsel for MOBILEONE called counsel for BELLSOUTH to request an extension of time to file an answer to the complaint. Shortly thereafter, MOBILEONE removed this case to this Court based on federal question jurisdiction.

In its notice of removal, MOBILEONE argues that this court has jurisdiction pursuant to 28 U.S.C. §1331 because BELLSOUTH's claims are preempted by the Communications Act of 1934, as amended, 47 U.S.C. §151 et seq. More precisely, MOBILEONE argues that BELLSOUTH's claims are preempted by Section 332(c)(3)(A) of the Act. This Section provides in pertinent part the following:

> Notwithstanding §§152(b) and 221(b) of this title, no State or local government shall have any authority to regulate the entry of or the rate charged by any commercial mobile service or any private mobile service, **except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services.**

47 U.S.C. §3329(c)(3)(A) [Emphasis added].

The above language clearly shows that the state court has jurisdiction over the claims asserted by BELLSOUTH in this action. The discussion below will demonstrate that this case was improperly removed by MOBILEONE. As such, this Court should award attorney's fees and costs to BELLSOUTH for the expense it incurred in responding to MOBILEONE's notice of removal.

## II

## ARGUMENT

A.    **BELLSOUTH'S CLAIMS ARE BASED ON STATE LAW**

In a removal action, the defendant bears the burden of proof in establishing that removal is proper. Lipcon v. Sprint Corp., 962 F. Supp. 1490 (S.D. Fla. 1997) (citing Fowler v. Safeco

Insurance Co., 915 F. 2d 616 (11th Cir. 1990)). In ruling on a motion to remand, this Court "must construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the nonremoving party." Parra v. John Alden Life Ins. Co., 22 F. Supp. 2d 1360, 1362 (S.D. Fla. 1998); Bahr v. National Association of Securities Dealers, Inc., 763 F. Supp. 584 (S.D. Fla. 1991)(holding that removal statutes should be strictly construed). Indeed, there is no federal question for this Court to resolve. As such, this Court lacks jurisdiction over the instant action.

It is a well-settled rule that a defendant may not remove a case to federal court under federal question jurisdiction unless the plaintiff's complaint establishes on its face that the case involves claims arising under federal law. Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10-11 (1983)(a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action) Baptist Hospital v. Timke, 832 F. Supp. 338 (S.D. Fla. 1993)(a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law). This well-settled rule of law is known as "the well-pleaded complaint rule." Id. Under the well-pleaded complaint rule, this Court is required to look solely at what "appears in the plaintiff's [complaint], unaided by anything alleged in anticipation of avoidance of defense" to determine whether it has jurisdiction over a case. Id.

In this case, a federal question does not appear on the face of BELLSOUTH's complaint. A review of BELLSOUTH's complaint reveals no issues of federal law; the complaint asserts only state law claims. The allegations in the complaint clearly show that BELLSOUTH is only seeking to collect unpaid charges for cellular telephone services provided to MOBILEONE -- a theory of recovery founded strictly upon Florida state law  Accordingly, this Court should

remand the case because there is no federal question appearing on the face of BELLSOUTH's complaint.

**B.    BELLSOUTH'S CLAIMS ARE NOT PREEMPTED BY
          THE COMMUNICATIONS ACT OF 1934**

Unable to prove that a federal question appears on the face of BELLSOUTH's complaint, MOBILEONE argues that this Court has jurisdiction over this case because BELLSOUTH's claims are preempted by the Communications Act of 1934. Specifically, MOBILEONE states that BELLSOUTH's claims "will require interpretation and application of federal law." The Court should reject this argument because the Court is not required to consider the preemption defense in determining whether federal question jurisdiction exists under the well-pleaded complaint rule. Baptist Hospital of Miami, Inc. v. Timke, 832 F. Supp. 338, 340 (S.D. Fla. 1993) (district court is not required to consider federal preemption defense as a source of federal question jurisdiction); See also, Brown v. Connecticut General Life Ins. Co., 934 F. 2d 1193 (11th Cir. 1991) (because preemption does not appear on the face of the well-pleaded complaint, a preempted state law claim does not arise under the laws of the United States and cannot authorize removal to federal court).

Even if this Court considers MOBILEONE's preemption defense in ruling on the motion to remand, the Court will find removal to be improper because a case may not be removed to federal court based on the preemption defense unless the field is *completely preempted* by federal law. Baptist Hospital of Miami, Inc. v. Timke, 832 F. Supp. 338, 340 (S.D. Fla. 1993). In other words, removal is only appropriate under the well-pleaded complaint rule where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim. Id. Here, the preemptive force of the statute in question does not trump the state law claims asserted by BELLSOUTH. Even the statute cited

4

by MOBILEONE clearly provides state courts with the authority to regulate "other terms and conditions of commercial mobile services." 47 U.S.C. §332 (c)(3)(A).

Courts in the Eleventh Circuit have consistently remanded cases where the state law claims were not completely preempted by federal law. Lipcon v. Sprint Corp., 962 F. Supp. 1490 (S.D. Fla. 1997)(case remanded after district court determined that plaintiff's unjust enrichment and imposition claims under Florida law were not completely pre-empted by Federal Communications Act of 1934); Riggs v. Smith, 953 F. Supp. 389 (S.D. Fla. 1997)(plaintiff's claims to recover pension benefits fell within safe harbour exception to ERISA, and thus were not preempted); Yanez v. Humana Medical Plan, Inc., 969 F. Supp. 1314 (S.D. Fla. 1997) remand was appropriate where state law claims were not preempted by ERISA); Publix Supermarkets, Inc. v. United Food & Comm. Workers Int. Union, 900 F. Supp. 419 (M.D. Fla. 1995)(district court lacks subject mater jurisdiction over action for trespass brought by retail store against union and its agents); Baptist Hospital of Miami v. Timke, 832 F. Supp. 338 (S.D. 1993)(case was remanded because preemption defense could not be considered as source of federal question jurisdiction under well-pleaded complaint rule).

The Baptist Hospital case is an analogous case. In that case, the plaintiff brought an action in state court seeking to collect for services rendered to the defendant. Id. Like BELLSOUTH, the plaintiff asserted several theories of recovery, which included open account, account stated, and unjust enrichment. The defendant removed the case to the federal court based on the preemption defense. The district court remanded the case and stated that the preemption defense could not be considered as a source of federal question jurisdiction under the well-pleaded complaint rule. Id. Similarly, the Fifth Circuit has held that a contract action to collect unpaid charges for telecommunications services is not subject to the Communications Act

of 1934 as amended. MCI Telecommunications Corp. v. Credit Builders of Am., Inc., 980 F. 2d 1021 (5th Cir.) vacated, 508 U.S. 957, prior opinion reinstated, 2 F. 3d 103 (5th Cir.), cert. denied, 510 U.S. 978 (1993). Clearly, MOBILEONE's argument that a potential, albeit misplaced, preemption defense would justify removal is erroneous. Not only has MOBILEONE failed to show the applicability of this would-be defense, but the defense in and of itself does not warrant removal as a matter of law.

C.   **BELLSOUTH IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS**

Pursuant to 28 U.S.C. § 1447 (c), this Court has the authority to award attorney's fees and costs if it finds that removal was not proper. Larmoyeux v. Phillip Morris, Inc., 19 F. Supp. 2d 1334 (S.D. Fla. 1998)(district court has authority to award attorney's fees and costs incurred as a result of removal). An award of fees and costs is appropriate even if defendant acted in good faith in removing the case. Publix Supermarkets v. United Food & Commercial Workers Int. Union, 900 F. Supp. 419 (M.D. Fla. 1995)(stating that as a matter of fairness, plaintiff is entitled to recover from the defendants the actual amount of the expenses incurred as a result of the improper removal). In this case, the Court should award fees and costs to BELLSOUTH because removal was improper in that it has no support in either fact or law. Even a cursory review of jurisdictional law would have revealed to MOBILEONE that their notice of removal is in bad form. See e.g. Baptist Hospital, 832 F. Supp at 339.

## III

## CONCLUSION

For the reasons expressed above and based upon the authorities cited herein, this Court should remand this action to state court and award fees and costs to BELLSOUTH.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing was sent via First Class U.S. Mail to Alan E. Greenfield, P.A. at 2600, Douglas Road, Suite 911, Coral Gables, FL 33134 and Leon B. Kellner, Esq. of Dickstein Shapiro Morin & Oshinsky LLP at 2101 L. Street, N.W., Washington, D.C. 20037 this 27th day of January 2000.

         HEINRICH GORDON HARGROVE
          WEIHE & JAMES, P.A.
         Attorneys for BELLSOUTH MOBILITY, INC.
         Broward Financial Centre, Suite 1000
         500 East Broward Boulevard
         Fort Lauderdale, FL 33394
         Telephone: (954) 527-2800
         Fax: (954) 524-9481

By: _____
         RICHARD G. GORDON
         Florida Bar No. 030366
         CLIFFORD A WOLFF
         Florida Bar No. 076252

80884\026\Pleadings-Misc\REMAND MOTION.doc