## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

### Case No.: 00-6055-CIV
### Judge Ferguson

BELLSOUTH MOBILITY, INC.,

      Plaintiff,

v.

MOBILEONE CELLULAR NETWORK, INC.,

      Defendant.

_____

MOBILEONE CELLULAR NETWORK, INC.,

      Counter-Plaintiff,

v.

BELLSOUTH MOBILITY, INC.,

      Counter-Defendant.

_____



### ANSWER TO COMPLAINT

    MobileOne Cellular Network, Inc. ("MobileOne") hereby answers the Complaint of BellSouth Mobility, Inc.("BellSouth") (with numbered paragraphs herein corresponding to the numbered paragraphs of the Complaint).

### Parties And Jurisdiction

    1.    MobileOne is without sufficient information to admit or deny this allegation and leaves BellSouth to its proof.

    2.    Admitted.

    3.    Admitted.



### Facts Common to All Claims

4.    Admitted.

5.    Admitted that MobileOne and BellSouth entered into a Reseller Sales Agreement ("the Reseller Agreement") on August 11, 1993. The allegation that a copy of the Reseller Agreement is attached to the Complaint as Exhibit A is denied, inasmuch as BellSouth attached an incomplete copy of the Reseller Agreement.

6.    Admitted that Paragraph 12(a) is accurately quoted. The Reseller Agreement otherwise speaks for itself.

7.    Denied.

8.    Admitted that BellSouth provided cellular airtime to MobileOne and that BellSouth has billed MobileOne for the airtime. The allegation that BellSouth provided cellular airtime to MobileOne solely pursuant to the Reseller Agreement is denied. The unqualified allegation that MobileOne has refused to pay for cellular airtime is denied.

9.    Denied.

### Count I – Breach of Contract

10.    MobileOne hereby incorporates by reference its answers to paragraphs 1-9 of the Complaint.

11.    Paragraph 11 is not a factual allegation requiring an admission or denial.

12.    Denied.

13.    Denied.

### Count II – Open Account

14.    MobileOne hereby incorporates by reference its answer to paragraphs 1-13 of the Complaint.

15.    Paragraph 15 is not a factual allegation requiring an admission or denial.

2

16.    Admitted that BellSouth provided cellular telephone services to MobileOne over a five-year period.  The remainder of the paragraph is denied.

17.    Denied.

### Count III – Account Stated

18.    MobileOne hereby incorporates by reference its answers to paragraphs 1-17 of the Complaint.

19.    Paragraph 19 is not a factual allegation requiring an admission or denial.

20.    Admitted that BellSouth and MobileOne had business transactions between them. The remainder of the allegations contained in Paragraph 20 are denied.

21.    Admitted that BellSouth billed MobileOne for past due balances.  The remainder of the paragraph is denied.

### Count IV – Unjust Enrichment

22.    MobileOne hereby incorporates by reference its answers to Paragraphs 1-21 of the Complaint.

23.    Paragraph 23 is not a factual allegation requiring an admission or denial.

24.    Denied.

25.    Denied.

### First Affirmative Defense

MobileOne is not liable to BellSouth because BellSouth fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

MobileOne is not liable to BellSouth because the statute of frauds bars BellSouth's claims.

### Third Affirmative Defense

MobileOne is not liable to BellSouth because BellSouth waived its claims.

### Fourth Affirmative Defense

3

BellSouth is barred from pursuing compensation from MobileOne because its rates, practices, classifications and regulations are unjust and unreasonable, and are therefore illegal pursuant to 47 U.S.C. § 201(b).

### Fifth Affirmative Defense

BellSouth is barred from pursuing compensation from MobileOne because its rates, practices, classifications, regulations, facilities and services are unreasonably discriminatory, and are therefore illegal pursuant to 47 U.S.C. § 202 (a).

### Sixth Affirmative Defense

BellSouth is barred from pursuing compensation by the doctrine of estoppel.

### Seventh Affirmative Defense

BellSouth is barred from recovering some or all of its alleged damages by the applicable statutes of limitations.

WHEREFORE, the Defendant, MobileOne Cellular Network, Inc., respectfully requests that the Court enter judgment which would:

(1) dismiss or deny BellSouth's Complaint with prejudice;

(2) award BellSouth no damages or other relief on its Complaint;

(3) assess costs against BellSouth;

(4) award MobileOne its attorneys' fees; and

(5) provide any and all other relief to which the Court deems MobileOne is entitled.

Respectfully submitted,

ALAN E. GREENFIELD, P.A.
2600 Douglas Road, Suite 911
Coral Gables, FL 33134
305-442-1731

4

Attorneys for MobileOne Cellular
Network, Inc.

By: _____
Alan E. Greenfield, Esq.
Bar No. 031559

Of Counsel:

Leon B. Kellner, Esq. (Bar No. 462179)
Lewis J. Paper, Esq.
Edward E. Sharkey, Esq.
Jacob S. Farber, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C.  20037
(202) 785-9700

February 3, 2000

# JURY DEMAND

Plaintiff, MobileOne Cellular Network, Inc., hereby demands a trial by jury of all issues

presented by the Complaint and the Counterclaim.

_____
Alan E. Greenfield

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2000, a copy of the foregoing Answer to Complaint and

Jury Demand were delivered by first-class U.S. mail, postage prepaid and via facsimile to the following:

Richard G. Gordon, Esq.
Heinrich Gordon Hargrove Weihe & James, P.A.
Broward Financial Centre, Suite 1000
500 East Broward Boulevard
Ft. Lauderdale, FL  33394
Telephone (954) 527-2800

*Attorney for the Plaintiff, BellSouth Mobility, Inc.*


_____
Alan E. Greenfield