IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No.: 00-6055-CIV
Judge Ferguson

BELLSOUTH MOBILITY, INC.,                 )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )
MOBILEONE CELLULAR NETWORK, INC.,         )
                                          )
              Defendant.                  )
_____ )

## REMOVAL STATUS REPORT

MobileOne Cellular Network, Inc. ("MobileOne") hereby submits its Removal Status Report and states as follows:

### The Nature of the Claim and Counterclaim

BellSouth Mobility, Inc. ("BellSouth") is one of two companies licensed by the Federal Communications Commission ("FCC") to provide cellular radiotelephone service in South Florida. MobileOne was a reseller of cellular service in the same market. MobileOne operated by aggregating the cellular needs of individual retail customers and purchasing air time from BellSouth in bulk for the purpose of obtaining more favorable rates. According to the Complaint, BellSouth sold interstate communication services to MobileOne during the period from August 1993 through November 1999. BellSouth contends that MobileOne has not paid for some of that airtime.

MobileOne has filed a Counterclaim against BellSouth for engaging in conduct that violates the Act and FCC policy. In order to promote competition in the market for cellular service, the Act prohibits carriers like BellSouth from engaging in unfair, unreasonable or discriminatory conduct with respect to charges, practices, or facilities for or in connection with interstate communication services.

The FCC has interpreted the Act to require common carriers like BellSouth to make their service available to resellers like MobileOne on the same rates, terms, and conditions that the carrier provides to its other customers. BellSouth violated the Act, as well as FCC policy, by offering its own retail customers rates and terms for cellular service more favorable than those that BellSouth made available to MobileOne for resale. As a consequence, MobileOne was effectively eliminated as a market competitor to BellSouth. To address these violations, MobileOne filed a Counterclaim stating causes of action for violations of the Act; violations of the Sherman Antitrust Act, 15 U.S.C. §§1 *et seq.*; violations of the Florida Antitrust Act, FCA §542.19; breach of contract; intentional interference with business advantage; and promissory estoppel.

### Grounds For Removal

BellSouth sued MobileOne in state court to collect charges allegedly due for interstate communication services. Under the well-settled law of the Eleventh Circuit, as well as the majority of other circuits that have considered the issue, any claim to collect charges for interstate telecommunications is governed exclusively by federal law, and the states are precluded from exercising any authority in the area. Accordingly, BellSouth's state law causes of action are completely preempted and subject to removal.

Even if the claims were not completely preempted, BellSouth's claims still could be removed on the grounds that they present an essential question of federal law. As a common carrier licensed under federal law by the FCC, BellSouth is subject to the Act, including the provisions of the Act that require common carrier charges to be reasonable and devoid of discrimination. To recover damages from MobileOne for charges relating to interstate communication services, BellSouth will need to prove, as a necessary element of its claim, that its charges were reasonable and non-discriminatory. Resolution of these matters invokes federal questions of law under the Act and FCC policy and renders BellSouth's claims subject to removal on that basis as well.

1107949 v1; NQWD01!.DOC

MobileOne was served with a copy of the Summons and Complaint on December 13, 1999. Section 1446(b) of Title 28 requires that notice of removal be filed within 30 days of the moving party's receipt of the initial pleading. MobileOne's Notice of Removal is therefore timely pursuant to 28 U.S.C. §1446(b) because it was filed within thirty days of receipt by MobileOne of a copy of the initial pleading.

Dated: February 10 , 2000

Respectfully submitted,

ALAN E. GREENFIELD, P.A.
2600 Douglas Road, Suite 911
Coral Gables, FL 33134
305-442-1731

Attorneys for MobileOne Cellular
  Network, Inc.

By: _____
Alan E. Greenfield, Esq.
Bar No. 031559

Of Counsel:

Leon B. Kellner, Esq. (Bar No. 462179)
Lewis J. Paper, Esq.
Edward E. Sharkey, Esq.
Jacob S. Farber, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

3

1107949 v1; NQWD01!.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2000, a copy of the Removal Status Report was provided to the following via first-class U.S. mail, postage prepaid:

Richard G. Gordon, Esq.
Heinrich Gordon Hargrove Weihe & James, P.A.
Broward Financial Centre, Suite 1000
500 East Broward Boulevard
Ft. Lauderdale, FL 33394
Telephone (954) 527-2800

*Attorney for the Plaintiff, BellSouth Mobility, Inc.*


_____
Alan E. Greenfield

1107949 v1: NQWD01!.DOC