UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BELLSOUTH MOBILITY, INC.,

    Plaintiff,

v.

MOBILEONE CELLULAR NETWORK, INC.,

    Defendant.
_____/

CASE NO.: 00-6055-CIV

JUDGE FERGUSON

MOBILEONE CELLULAR NETWORK, INC.,

    Counter-Plaintiff,

v.

BELLSOUTH MOBILITY, INC.,

    Counter-Defendant.
_____/

## REPLY IN SUPPORT OF BELLSOUTH'S MOTION FOR REMAND

Plaintiff/Counter-Defendant, BELLSOUTH MOBILITY, INC. ("BELLSOUTH"), files this reply in support of its motion for remand and states:

### Introduction

BELLSOUTH filed a state court complaint against MOBILEONE CELLULAR NETWORK, INC. ("MOBILEONE"). The gravamen of the complaint is that MOBILEONE failed to pay over $1.9 million owed to BELLSOUTH for wholesale cellular telephone service. The complaint sets forth state law claims for breach of contract (Count I), open account (Count II), account stated (Count III), and unjust enrichment (Count IV).



Rather than confronting the state law claims brought by BELLSOUTH, MOBILEONE is taking the disingenuous position that 1) MOBILEONE does not owe the money that it contracted to pay, and 2) BELLSOUTH is somehow in violation of the Communications Act of 1934, as amended, and The Sherman Act. MOBILEONE goes on to suggest that because they have brought such claims, BELLSOUTH's complaint raises federal questions and is preempted by federal law. These arguments are without merit.

### Law and Argument

As more fully set forth in BELLSOUTH's motion for remand, the "well-pleaded complaint rule" governs whether an action is removable to federal court. See Baptist Hospital v. Timke, 832 F. Supp. 338 (S.D. Fla. 1993). In evaluating whether a complaint is removable, courts look to whether or not the complaint, on its face, raises federal questions. Id. at 339. It is not appropriate, as MOBILEONE suggests, to take into account the defenses or counter-allegations raised by a defendant in determining whether the well-pleaded complaint raises issues of federal question. Id. (citing Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193 (11th Cir. 1991). Even a cursory review of BELLSOUTH's complaint reveals that the claims are brought under state law and *not* federal law. See also Baptist Hospital 832 F. Supp. at 338 (holding that contract claims such as account stated, open account and quantum meruit are state law claims and not federal claims involving federal question). As such, BELLSOUTH's complaint fails to raise any federal question and remand is improper.

Notwithstanding BELLSOUTH's well-pleaded state law claims, MOBILEONE improperly requests this court to take into consideration its defenses and counter-allegations.[1]

---

[1] For reasons unknown, MOBILEONE completely dismisses the well-settled law of the Eleventh Circuit and reverts back to its defenses and allegations in opposition to BELLSOUTH's motion for remand. To the extent that MOBILEONE does so, this court should consider such baseless arguments in determining the amount of fees and costs to award BELLSOUTH pursuant to 28 U.S.C. §1447(c).

Clearly, MOBILEONE's arguments are misplaced. Such "boot strap" justification for removal is entirely improper. Id.; See also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). The mere fact that MOBILEONE does nothing more than regurgitate its defenses and allegations in support of removal speaks volumes to the fact that BELLSOUTH's complaint, on its face, fails to raise any federal question. See also DeCastro v. AWACS, Inc., 935 F.Supp 541 (D. N.J. 1996)(holding that allegations of improper billing procedures for cellular telecommunications service does not raise federal questions warranting removal).

In DeCastro, customers of a cellular telephone company brought a state court class action against the cellular telephone company for improper billing practices. Id. at 545. The cellular telephone company attempted to remove the case to federal court arguing that the action was preempted by the Communications Act of 1934, as amended. Id. In evaluating the company's argument, the court discussed the heavy burden imposed on defendants which attempt to remove state court complaints and went on to discuss whether the Act completely preempts state law claims involving cellular telecommunications service. Id. In holding that the Communications Act of 1934, as amended, *does not* preempt independent state law claims, the court stated:

> A strong indication that Congress did not intend that the Act pre-empt all claims within the telecommunications area is in the Act's survival clause [47 U.S.C. §414].
>
> * * *
>
> Many courts have relied upon this savings clause to find that Congress intended to preserve state law claims for breaches of duties which are distinguishable from duties contained by the Act. [citing American Inmate Phone Sys., Inc. v. U.S. Sprint Comm. Co., 787 F.Supp. 852 (N.D. Ill. 1992)]

The court went on to quote the language of 47 U.S.C. §414:

> Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

3

After quoting the language of the Act and after further evaluating the misplaced arguments of the cellular telecommunications company, the court held that the Act *does not* preempt the state law claims brought against the company and held that removal of the action was completely improper. Id. at 555. Similarly, MOBILEONE's arguments that BELLSOUTH's state law claims are preempted by the Communications Act of 1934, as amended, are misplaced at best and flatly wrong at worst. Id.; See also Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998)(holding that private causes of action are permissible under the Communications Act of 1934, as amended).

Rather than belaboring the point -- in sum, MOBILEONE's arguments that BELLSOUTH's claims raise issues of federal question and that those claims are preempted by federal law are both erroneous. Foremost, using the well-pleaded complaint rule to analyze BELLSOUTH's claims, it is apparent that the claims are founded upon state law and not federal law, as MOBILEONE would have this court believe. See MCI Telecommunications Corp. v. Credit Builders of America, Inc., 980 F.2d 1021 (5th Cir.), vacated, 508 U.S. 957, opinion reinstated, 2 F.3d 103 (5th Cir.), cert. denied, 510 U.S. 978 (1993). Moreover, The Communications Act of 1934, as amended, does not completely preempt BELLSOUTH's state law claims and, therefore, MOBILEONE's attempt at removal on that basis is equally without merit. See DeCastro, 935 F.Supp at 555.

### Conclusion

BELLSOUTH pleaded four state law claims against MOBILEONE. Without legal support, MOBILEONE attempted to remove the action to federal court arguing that BELLSOUTH's claims raise federal questions and/or BELLSOUTH's claims are preempted by federal law. Neither argument carries the day for MOBILEONE and, in point of fact, each

4

argument in flatly wrong. It is therefore respectfully requested that this court remand the action to state court, where it belongs, and award fees and costs to BELLSOUTH for having to address the erroneous issues raised by MOBILEONE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing was sent via First Class U.S. Mail to Alan E. Greenfield, P.A. at 2600, Douglas Road, Suite 911, Coral Gables, FL 33134 and Edward E. Sharkey, Esq. (Admission to U.S. District Court for the Southern District of Florida pending) of Dickstein Shapiro Morin & Oshinsky LLP at 2101 L. Street, N.W., Washington, D.C. 20037 this 21st day of February, 2000.

HEINRICH GORDON HARGROVE
 WEIHE & JAMES, P.A.
Attorneys for BELLSOUTH MOBILITY, INC.
Broward Financial Centre, Suite 1000
500 East Broward Boulevard
Fort Lauderdale, FL 33394
Telephone: (954) 527-2800
Fax: (954) 524-9481

By: _____
RICHARD G. GORDON
Florida Bar No. 030366
CLIFFORD A WOLFF
Florida Bar No. 076252

80884\026\Pleadings-Misc\reply-sppt-remand.doc