UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BELLSOUTH MOBILITY, INC.,

    Plaintiff,                             CASE NO.: 00-6055-CIV

v.                                   JUDGE FERGUSON

MOBILEONE CELLULAR NETWORK, INC.,

    Defendant.

_____/

MOBILEONE CELLULAR NETWORK, INC.,

    Counter-Plaintiff,

v.

BELLSOUTH MOBILITY, INC.,

    Counter-Defendant.

_____/

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## PLAINTIFF BELLSOUTH MOBILITY'S MOTION FOR REMAND

Plaintiff, BELLSOUTH MOBILITY, INC., has been given leave of court to submit a supplemental memorandum of law confined to the claim of defendant, MOBILEONE CELLULAR NETWORK, that federal preemption mandates removal and MOBILEONE's reliance upon the Eleventh Circuit's decision in Western Union International, Inc. v. Data Development, Inc., 41 F. 3d 1494 (11th Cir. 1995) relating to the preemption issue.

## I

## GENERAL STATEMENT

BELLSOUTH filed the motion for remand because of its concern that an early trial date in federal court would be unrealistic. Given the fact that a trial date has now been set for October of this year, BELLSOUTH withdraws its objection to removal. However, since jurisdiction cannot be conferred upon a court by agreement of the parties, certain aspects of the Eleventh Circuit's decision in Western Union should nevertheless be noted in order for the court to make an informed decision on the remand issue. The following discussion is therefore submitted.

## II

## DISCUSSION

The jurisdictional issue in Western Union related to the fact that the Communications Act of 1934, as amended, 47 U.S.C. §§ 151, et. seq. required Western Union to file schedules of charges, commonly referred to as "tariffs", with the Federal Communications Commission, and tariffs formed the basis of the account between the parties. The facts of Western Union are relatively simple. As part of its business enterprise, Western Union provided telecommunications services to Data Development. When Data Development failed to pay its bills, Western Union sued in the United States District Court for the Southern District of Florida. Before any responsive pleading was filed, Judge Paine *sua sponte* entered an order of dismissal based upon a lack of subject matter jurisdiction. He found that the claim did not arise under federal law. He therefore determined that federal question jurisdiction did not exist.

On appeal, the Eleventh Circuit reversed. It is the basis for that reversal which is significant in analyzing the facts now before the court. In Western Union, the Eleventh Circuit

2

noted that the "tariff structure" governing interstate commerce shared common roots with certain provisions of the Telecommunications Act. So by way of analogy, the court looked to a railroad's action against a customer for an unpaid interstate charge since it was also governed by tariffs pursuant to the Interstate Commerce Act. In focusing on the tariff based rate structures, the court looked to decisions of the United States Supreme Court which held that such an action does in fact arise under federal law because a federal statute *required* the railroad to collect and *required* the customer to pay all *tariff based* charges. Consequently, the entire duty and obligation grew out of and depended upon a federal act *and* the attendant federal tariff structure. See Louisville & N.R.R. v. Rice, 247 U.S. 201 (1918); Western Union, 41 F. 3d at 1496.

Relying upon Rice and the Supreme Court's subsequent decision of Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533 (1983), which reaffirmed Rice, the Eleventh Circuit reversed Judge Paine's dismissal. In this regard, the court said:

> We think the outcome in this case is dictated by Rice and Thurston Motor Lines. Just as in Rice and Thurston, the statute involved in this case requires the carrier to "file. . .schedules showing all charges," 47 U.S.C.A. § 203(a) (West 1991), and provide that the carrier shall not "charge, demand, collect, or receive a greater or less or different compensation for such communication," id. § 203(c); the duties and obligations grow out and depend upon the statute. See Rice, 247 U.S. at 202, 38 S. Ct. at 429. That the tariff scheme was the basis for federal jurisdiction and Rice was confirmed by a unanimous Court in Thurston, 460 U.S. at 535, 103 S. Ct. at 1344 ("[T]he parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation. A carrier's claim is of necessity, predicated on the tariff -- not an understanding with the shipper." . . .)

Id. at 1496. The preemption holding in Western Union is clear. The entire embodiment of the relationship depended upon a tariff based rate structure. Simply put, *there is no federally mandated rate structure governing mobile telephone service.* In fact, the whole point of the federal legislation scheme governing providers of telephone service, as reflected in the 1996 Act

3

itself, is to do away with a tariff rate based system. Not a single word appears in either the 1934 version of the Act or its 1996 counterpart which imposes regulatory tariffs on mobile telecommunications services. BellSouth Mobility, Inc. v. Winnett County, Georgia, 944 F. Supp. 923, 927 (N.D. Ga. 1996).

In what amounts to a bootstrap maneuver, MOBILONE quotes from a part of the 1934 Act, namely, 47 U.S.C. § 332(c)(3)(a), as if it were authority for the very proposition of preemption. That states in relevant part:

> [N]o State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a state from regulating the other terms and conditions of commercial mobile services.

The statute is being used out of context. In interpreting statutes, court may not be guided by a single sentence or portion of a sentence, but must look to the provisions of the whole body of law, its object and policy. Kelly v. Robinson, 479 U.S. 36, 43 (1986). In this case, the preemptive effect of § 332 is limited on its face. While it is true that the statute preempts the states from regulating market entry and rates charged, it specifically allows states to regulate certain terms and conditions of service, with the congressional report underpinning the legislation's passing expressly providing that the list is "illustrative only and not meant to preclude other matters as fall within the state's lawful authority." H.R. Rep. No. 103-111 at 261 (1993); GTE Mobilnet of Ohio v. Johnson, 111 F. 3d 469, 477 (6th Cir. 1997). Since the issue here does not relate to any federal rate structure and further since neither the 1934 Act nor the 1996 Act are in any way preemptive, the so-called "federal question" basis for removal does not exist. The question, then, is whether an alternate basis exists for the claim to stay in federal court.

As a general rule of law, an improperly removed case will not be remanded to state court where the federal court has subject matter jurisdiction on another ground. In other words, if the defect in the removal procedure can be viewed as "procedural" in nature, the flaw will not be deemed critical. See In re First National Bank, 70 F. 3d 1184 (11th Cir. 1995). The question, of course, is what is meant by a "procedural" defect. The Eleventh Circuit has answered this question in First National Bank. A "procedural defect" refers to "any defect that does not go to the question of whether the case originally could have been brought in federal district court". Id. at 788. As BELLSOUTH noted in its oral presentation on March 6, 2000, complete diversity exists and the threshold jurisdiction amount appears on the face of the complaint. In short, so long as subject matter jurisdiction exists and any procedural shortcoming can be cured by resort to 28 U.S.C. § 1653 ("Defective allegation of jurisdiction may be amended, upon terms, in the trial or appellate court."), there is no reason to remand this case to state court. First National Bank, 70 F. 3d at 1189.

## III

## CONCLUSION

There is in fact a basis for subject matter jurisdiction in this court. The case could have been brought in federal court on the basis of diversity under 28 U.S.C. § 1332(a). The complaint is clear on its face that diversity jurisdictional prerequisites exist, and the case should therefore stay in federal court. Both statutory interpretation and considerations of judicial efficiency so require.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the forgoing was sent via U.S. Mail to Alan E. Greenfield, P.A. at 2600, Douglas Road, Suite 911, Coral Gables, FL 33134 and Edward E.

Sharkey, Esq. (Admission to U.S. District Court for the Southern District of Florida pending) of

Dickstein Shapiro Morin & Oshinsky LLP at 2101 L. Street, N.W., Washington, D.C. 20037 this

_____ day of March, 2000.

> HEINRICH GORDON HARGROVE
>   WEIHE & JAMES, P.A.
> Attorneys for BELLSOUTH MOBILITY, INC.
> Broward Financial Centre, Suite 1000
> 500 East Broward Boulevard
> Fort Lauderdale, FL 33394
> Telephone: (954) 527-2800
> Fax: (954) 524-9481
>
> By:_____
>       RICHARD G. GORDON
>       Florida Bar No. 030366
>       CLIFFORD A WOLFF
>       Florida Bar No. 076252

G:\LAW\80884\026\Pleadings-Misc\supp memo in support BellSouth's motion for remand USDC.doc