UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BELLSOUTH MOBILITY, INC.,

    Plaintiff,

v.

MOBILEONE CELLULAR NETWORK, INC.,

    Defendant.
_____/

MOBILEONE CELLULAR NETWORK, INC.,

    Counter-Plaintiff,

v.

BELLSOUTH MOBILITY, INC.,

    Counter-Defendant.
_____/

CASE NO.: 00-6055-CIV

JUDGE FERGUSON

NIGHT BOX
FILED

MAR 23 2000

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff/Counter-Defendant, BELLSOUTH MOBILITY, INC., ("BELLSOUTH"), files this answer and the affirmative defenses contained herein to Defendant/Counter-Plaintiff, MOBILEONE CELLULAR NETWORK, INC.'s ("MOBILEONE"), counterclaim.

### Answer

1.    <u>As to Paragraph 1</u>: Admitted to the extent that MOBILEONE purports to state such claims. Denied in all other respects.

2.    <u>As to Paragraph 2</u>: Admitted to the extent that the cited Code grants subject matter jurisdiction to this Court over such claims. Denied to the extent that bringing such claims in the form of a counterclaim is improper where the underlying action is improperly removed.



3.  As to Paragraphs 3 through 6: Denied.

4.  As to Paragraph 7: Admitted.

5.  As to Paragraph 8: Denied.

6.  As to Paragraph 9: Admitted.

7.  As to Paragraph 10: Admitted to the extent that MOBILEONE was a reseller of cellular service in South Florida. Admitted to the extent that MOBILEONE attempted to aggregate the cellular service provided to customers by contracting to purchase cellular service from BELLSOUTH. Denied in all other respects.

8.  As to Paragraph 11: Admitted to the extent that MOBILEONE is not licensed by the Federal Communications Commission ("FCC") to provide cellular service. Denied in all other respects.

9.  As to Paragraph 12: Admitted to the extent that BELLSOUTH is licensed by the FCC. Denied in all other respects.

10. As to Paragraphs 13 and 14: Admitted to the extent that portions of the Telecommunications Act of 1996 are accurately quoted, in part. Denied in all other respects.

11. As to Paragraphs 15 through 21: Denied.

12. As to Paragraph 22: Admitted.

13. As to Paragraph 23: Admitted to the extent that BellSouth sold cellular service to customers in South Florida. Denied in all other respects.

14. As to Paragraphs 24 and 25: Denied.

15. As to Paragraphs 26 through 42: Denied.

16. As to Paragraph 43: The truth or falsity of the allegations are unknown and therefore denied.

17.  <u>As to Paragraphs 44 and 45:</u>  Denied.

18.  <u>As to Paragraph 46:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 45 as though set forth verbatim.

19.  <u>As to Paragraphs 47 through 50:</u>  Denied.

20.  <u>As to Paragraph 51:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 50 as though set forth verbatim.

21.  <u>As to Paragraphs 52 through 55:</u>  Denied.

22.  <u>As to Paragraph 56:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 55 as though set forth verbatim.

23.  <u>As to Paragraphs 57 through 62:</u>  Denied.

24.  <u>As to Paragraph 63:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 62 as though set forth verbatim.

25.  <u>As to Paragraphs 64 through 67:</u>  Denied.

26.  <u>As to Paragraph 68:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 67 as though set forth verbatim.

27.  <u>As to Paragraph 69:</u>  Admitted to the extent that portions of the statute are accurately quoted, in part.  Denied in all other respects.

28.  <u>As to Paragraphs 70 through 75:</u>  Denied.

29.  <u>As to Paragraph 76:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 74 as though set forth verbatim.

30.  <u>As to Paragraphs 77 through 83:</u>  Denied.

31.  <u>As to Paragraph 84:</u>  BELLSOUTH incorporates its responses to Paragraphs 1 through 83 as though set forth verbatim.

32. <u>As to Paragraphs 85 through 88:</u> Denied.

33. <u>As to Paragraphs 89 through 92:</u> The allegations are not factual and do not require a response. Denied in all other respects.

### Affirmative Defenses

1. MOBILEONE breached the subject agreement and cannot bring an action based on facts and circumstances arising thereunder. That is, MOBILEONE has unclean hands in failing to fulfill its obligations under the subject agreement and cannot be heard to bring claims arising out of the termination of such service.

2. MOBILEONE was denied cellular service because it was economically unable to maintain its obligations under the subject agreement and therefore cannot maintain an action against BELLSOUTH for circumstances that are of its own creation. That is, MOBILEONE was the cause of its own predicament and cannot be heard to complain of circumstances that it brought upon itself or otherwise contributed to and/or caused.

3. BELLSOUTH did not have a monopoly with respect to cellular service in the relevant market. In point of fact, BELLSOUTH was one of several cellular service providers in the relevant market and provided less than fifty percent (50%) of the cellular service offered in the relevant market.

4. BELLSOUTH did not have market control of the relevant cellular service market and therefore could not exert control or pressure on MOBILEONE or otherwise defeat MOBILONE's access to the relevant cellular service market.

5. BELLSOUTH is regulated by government agencies and, to the extent that BELLSOUTH is thereby regulated, MOBILEONE cannot bring a claim for relief based on facts and circumstances otherwise reserved to those government agencies for redress.

4

6. MOBILEONE accepted the risk of its loss when it failed to fulfill its obligations under the subject agreement.

7. BELLSOUTH's ability to operate in the relevant market was the result of being in the market before MOBILEONE and BELLSOUTH's advantages in the market, if any, were the result of being in the relevant market prior to MOBILEONE and not because of any improper acts. Therefore, MOBILONE is barred from bringing any claim against BELLSOUTH.

8. The State of Florida and the federal government intended to replace competition with regulation of the relevant cellular market and, as such, the claims of MOBILEONE are barred as a matter of law.

9. BELLSOUTH neither possesses nor had the intent or effect of controlling the relevant cellular service market. Therefore, the claims of MOBILEONE are barred as a matter of law.

10. BELLSOUTH did not willfully acquire or maintain the status of a monopoly power in the relevant cellular service market.

11. Through its agreement with MOBILEONE, BELLSOUTH did not affect interstate commerce and therefore MOBILONE's federal claims are barred.

12. By denying MOBILEONE cellular service, for economic reasons only, BELLSOUTH did not have the intention of restraining competition.

13. MOBILONE failed to exhaust its administrative remedies and is therefore barred from bringing the claims alleged in its counterclaim.

14. By terminating the subject agreement, BELLSOUTH did not unreasonably restrain trade. Rather, BELLSOUTH promoted fair competition and ultimately benefited consumers by ferreting out an economically insecure company.

15.     MOBILEONE's claims are barred by the rule of reason, in that BELLSOUTH's termination of the subject agreement was reasonable given the circumstances. Moreover, the acts of BELLSOUTH were reasonable and did not stifle competition.

16.     BELLSOUTH's billing procedures and practices with respect to MOBILEONE were reasonable and non-discriminatory under the specific circumstances by which MOBILEONE secured bulk cellular telephone service.

17.     The Communications Act of 1934, as amended per and including the Telecommunications Act of 1996, does not afford MOBILEONE a private cause of action, and therefore MOBILEONE fails to state a claims upon which relief can be granted.

18.     MOBILEONE improperly incorporates and commingles, by improper cumulative pleading practice, the various allegations of distinct causes of action and therefore fails to properly state a claim upon which relief can be granted.

19.     MOBILEONE improperly brings forth as a counterclaim causes of action which are not otherwise within the jurisdiction of this court because the counterclaim is a procedural reaction to an improperly removed complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing was sent via First Class U.S. Mail to Alan E. Greenfield, P.A. at 2600, Douglas Road, Suite 911, Coral Gables, FL 33134 and Edward E. Sharkey, Esq. (Admission to U.S. District Court for the Southern District of Florida pending) of Dickstein Shapiro Morin & Oshinsky LLP at 2101 L. Street, N.W., Washington, D.C. 20037 this 22nd day of March 2000.

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
Attorneys for BELLSOUTH MOBILITY, INC.
Broward Financial Centre, Suite 1000
500 East Broward Boulevard
Fort Lauderdale, FL 33394
Telephone: (954) 527-2800
Fax: (954) 524-9481

By:_____
RICHARD G. GORDON
Florida Bar No. 030366
CLIFFORD A WOLFF
Florida Bar No. 076252

80884\026\Pleadings-Misc\answer-counterclaim.doc