UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BELLSOUTH MOBILITY, INC.,

    Plaintiff,

v.

MOBILEONE CELLULAR NETWORK, INC.,

    Defendant.
_____/

MOBILEONE CELLULAR NETWORK, INC.,

    Counter-Plaintiff,

v.

BELLSOUTH MOBILITY, INC.,

    Counter-Defendant.
_____/

CASE NO.: 00-6055-CIV

JUDGE FERGUSON

## MOTION FOR EXTENSION OF TIME AND FOR CLARIFICATION OF PRE-TRIAL ORDER

Pursuant to Local Rule 7.1 A.(j), Plaintiff, BELLSOUTH MOBILITY, INC. ("BELLSOUTH"), files this motion for entry of an order extending the time to disclose expert rebuttal witnesses and states:

1. On November 30, 1999, BELLSOUTH filed a state court complaint against MOBILEONE. The claims were essentially state law breach of contract claims, including counts for open account, account stated and unjust enrichment, arising from an unpaid debt of $1,907,993.

2. On February 3, 2000 MOBILEONE removed the case to federal court and filed a counterclaim alleging various claims of anti-competitive practices against BELLSOUTH, including violations of the Sherman Act, 47 U.S.C. §201, et seq. By doing so, MOBILEONE became a counter-plaintiff and BELLSOUTH became a counter-defendant.

3. This Court's pre-trial order states that "Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called to trial...." The defendant is required to disclose its expert witnesses one month later. Presumably, the intent of the order is to have the party with the burden of proof to disclose their expert witnesses first and for the opposing party to disclose its expert rebuttal witnesses second.

4. BELLSOUTH is ready to disclose, and indeed has disclosed, the names of those experts who will support BELLSOUTH's case in chief. However, it is MOBILEONE, the counter-plaintiff, who has the burden of proof with regard to their counterclaim. As such, it would appear to be the intent of this Court's pre-trial order that MOBILEONE be required to first disclose its experts who would support their case in chief - - the counterclaim - - after which the party defending the counterclaim (BELLSOUTH) would have one month to disclose its expert rebuttal witnesses.

5. Unfortunately, this Court's pre-trial order does not specifically address the sequence of disclosing expert witnesses when there exists a pending counterclaim. As such, BELLSOUTH respectfully requests a clarification of the Court's order and, likewise, requests an extension of time to disclose its expert rebuttal witnesses until thirty (30) days following the disclosure of the counter-plaintiff's case in chief expert witnesses.

6. Undersigned counsel has attempted conferred with opposing counsel regarding the issues raised by this Motion, but has been unable to resolve the matters presented. Opposing counsel has advised that he is neither able to approve nor contest the Motion at this time.

WHEREFORE, BELLSOUTH respectfully requests the entry of an order clarifying this Court's pre-trial order and extending the time to disclose BELLSOUTH's expert rebuttal witnesses.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the forgoing was sent via First Class U.S. Mail to Alan E. Greenfield, P.A. at 2600, Douglas Road, Suite 911, Coral Gables, FL 33134 and Leon B. Kellner, Esq. of Dickstein Shapiro Morin & Oshinsky LLP at 2101 L. Street, N.W., Washington, D.C. 20037 and Edward E. Sharkey, Esq., Dickstein Shapiro Morin & Oshinsky LLP, 2101 L. Street, N.W., Washington, D.C. 20037 this 19th day of June, 2000.

> HEINRICH GORDON HARGROVE
> WEIHE & JAMES, P.A.
> Attorneys for BELLSOUTH MOBILITY, INC.
> Broward Financial Centre, Suite 1000
> 500 East Broward Boulevard
> Fort Lauderdale, FL 33394
> Telephone: (954) 522-2800; fax: (954) 524-9481
>
> By: _____
> BRUCE A. WEIHE
> Florida Bar No. 139797
> CLIFFORD A. WOLFF
> Florida Bar No. 076252

80884\026\Pleadings-Misc\m-ext of time-exp.doc

3