IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No.: 00-6055-CIV
Judge Ferguson

| | |
|---|---|
| BELLSOUTH MOBILITY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| MOBILEONE CELLULAR NETWORK, INC., | ) |
| Defendant. | ) |

**NIGHT BOX FILED**

JUL 7 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER

The Plaintiff, BellSouth Mobility, Inc. ("BellSouth") and the Defendant, MobileOne Cellular Network, Inc. ("MobileOne"), by their undersigned counsel, hereby submit this Joint Motion to Modify the Court's Scheduling Order entered in this case and state as follows:

1. This is an action by BellSouth against MobileOne asserting claims for breach of contract, open account, and account stated to collect monies allegedly due to BellSouth for telecommunication services provided to MobileOne. MobileOne has asserted a counterclaim against BellSouth stating causes of action for a) violations of the Sherman Antitrust Act, 15 U.S.C. §1, *et. seq.*, b) violations of the Communications Act of 1934, as amended, 47 U.S.C. §151, *et. seq.*, c) violations of the Florida Antitrust Act, F.C.A. §542.19, d) breach of contract, e) intentional interference with perspective business advantage, and f) promissory estoppel.

2. BellSouth filed its complaint against MobileOne on November 30, 1999 in the 17th Judicial Circuit in and for Broward County, Florida.



3. MobileOne timely removed the action to this court on January 11, 2000, and filed the Counterclaim on February 3, 2000.

4. The legal issues presented by the claims are complex, and development of facts relevant to the claims will necessarily involve the exchange of voluminous documents relevant to the parties' marketing and sale of wireless telecommunications services in the South Florida market. Discovery also will involve depositions of multiple officers and representatives of both parties.

5. The parties have exchanged written requests for discovery requiring production of voluminous documents relevant to the merits of the claims. MobileOne propounded interrogatories and a request for production of documents to BellSouth on April 24, 2000. BellSouth propounded a request for production of documents to MobileOne on November 30, 1999, and propounded interrogatories on June 14, 2000.

6. At the same time that the parties have been pursuing this litigation, they have discussed ways to settle the subject dispute without resort to further merit discovery or a trial. On June 22, 2000, representatives for the parties agreed that, in an effort to achieve settlement of this matter, MobileOne would provide to BellSouth financial documents and information concerning its business operations. BellSouth intends to conduct an audit of MobileOne's finances commencing immediately.

7. The parties believe that the likely result of the exchange of information and related financial audit will be a settlement of all claims asserted by the parties without the need for discovery or judicial proceedings, thereby greatly reducing or eliminating the need for further expenditure of resources by the parties or the Court.

8. The parties agree that they need time to effect the exchange of information and the related audit. However, they are currently faced with the obligation to respond to

broad requests for discovery concerning the merits of the claims, exchange voluminous documents, retain expert witnesses, and complete other tasks necessary to pursue discovery and prepare the case for trial.

9. The Scheduling Order issued by the Court on March 21, 2000 does not allow sufficient time for the parties to continue their efforts to settle this matter without incurring substantial costs for discovery and trial preparation that, ultimately, are likely to be unnecessary. At present, the deadline for MobileOne to designate expert witnesses is July 3, 2000, the deadline for the parties to exchange witness lists is July 17, 2000, and the discovery deadline is August 14, 2000.

10. To accommodate the parties' ongoing settlement efforts, and to prevent the needless expenditure of the parties' and the Court's resources, the parties have agreed and jointly propose to the Court that an extension of all deadlines contained in the Scheduling Order by three months is necessary and appropriate under the circumstances.

11. The parties are diligently pursuing resolution of this matter in good faith, and the extension is likely to contribute to the efficient resolution of this matter.

12. This case has not previously been continued.

13. In addition to this Motion for Modification, BellSouth has previously filed a Motion to modify the Scheduling Order requesting the addition of a deadline for BellSouth to designate expert witnesses in defense to MobileOne's Counterclaim. MobileOne consents to such a modification, and, for the Court's convenience, the proposed Order submitted herewith includes such a deadline.

WHEREFORE, the parties, BellSouth Mobility, Inc. and MobileOne Cellular Network, Inc., respectfully request that the Court enter an Order modifying the

Scheduling Order by continuing all deadlines contained therein for a period of three months and adding a deadline for BellSouth to designate experts witnesses in defense to the Counterclaim.

Dated: July 7, 2000

HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.

_____
Bruce Weihe
Broward Financial Centre
500 East Broward Blvd., Suite 1000
Ft. Lauderdale, FL 33394
(954) 527-2800

Attorneys for BellSouth Mobility, Inc.

Respectfully submitted,

DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP

_____
Leon B. Kellner (Bar No. 462179)
Charles W. Saber
Lewis J. Paper
Edward E. Sharkey
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

Attorneys for MobileOne Cellular Network, Inc.

Of Counsel:

Alan E. Greenfield, Esq.
2600 Douglas Road, Suite 911
Coral Gables, FL 33134

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No.: 00-6055-CIV
Judge Ferguson

BELLSOUTH MOBILITY, INC.,            )
                                     )
              Plaintiff,             )
                                     )
v.                                   )
                                     )
MOBILEONE CELLULAR NETWORK, INC.,    )
                                     )
              Defendant.             )
_____)

### AFFIDAVIT IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

The undersigned counsel for BellSouth Mobility, Inc. and MobileOne Cellular Network, Inc. hereby submit the following affidavit in support of the Joint Motion to Modify Scheduling Order and declare as follows:

1.  The legal issues presented by the claims in this case are complex, and development of facts relevant to the claims will necessarily involve the exchange of voluminous documents relevant to the parties' marketing and sale of wireless telecommunications services in the South Florida market. Discovery also will involve depositions of multiple officers and representatives of both parties.

2.  The parties have exchanged written requests for discovery requiring production of voluminous documents relevant to the merits of the claims. MobileOne propounded interrogatories and a request for production of documents to BellSouth on April 24, 2000. BellSouth propounded a request for production of documents to MobileOne on November 30, 1999, and propounded interrogatories on June 14, 2000.

3. At the same time that the parties have been pursuing this litigation, they have discussed ways to settle the subject dispute without resort to further merit discovery or a trial. On June 22, 2000, representatives for the parties agreed that, in an effort to achieve settlement of this matter, MobileOne would provide to BellSouth financial documents and information concerning its business operations. BellSouth intends to conduct an audit of MobileOne's finances commencing immediately.

4. The parties believe that the likely result of the exchange of information and related financial audit will be a settlement of all claims asserted by the parties without the need for discovery or judicial proceedings, thereby greatly reducing or eliminating the need for further expenditure of resources by the parties or the Court.

5. The parties agree that they need time to effect the exchange of information and the related audit. However, they are currently faced with the obligation to respond to broad requests for discovery concerning the merits of the claims, exchange voluminous documents, retain expert witnesses, and complete other tasks necessary to pursue discovery and prepare the case for trial.

6. The Scheduling Order issued by the Court on March 21, 2000 does not allow sufficient time for the parties to continue their efforts to settle this matter without incurring substantial costs for discovery and trial preparation that, ultimately, are likely to be unnecessary. At present, the deadline for MobileOne to designate expert witnesses is July 3, 2000, the deadline for the parties to exchange witness lists is July 17, 2000, and the discovery deadline is August 14, 2000.

7. To accommodate the parties' ongoing settlement efforts, and to prevent the needless expenditure of the parties' and the Court's resources, the parties have agreed and

jointly propose to the Court that an extension of all deadlines contained in the Scheduling Order by three months is necessary and appropriate under the circumstances.

8. The parties are diligently pursuing resolution of this matter in good faith, and the extension is likely to contribute to the efficient resolution of this matter.

9. This case has not previously been continued.

I declare under penalty of perjury that the foregoing is true and correct.

___Jul 7, 2000___
Date

_____
Edward E. Sharkey

___July 7, 2000___
Date

_____
Bruce Weihe

3